NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKY LEE JARRETT, | No. 19-16518 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-00892-DLR |
| v. | |
| DAVID SHINN**; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 20, 2020***
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** David Shinn, Director of the Arizona Department of Corrections, is substituted for Charles L. Ryan. *See* Fed. R. App. P. 43(c)(2).

*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ricky Lee Jarrett appeals the district court's denial of his petition for habeas corpus relief. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A). We affirm.

This court reviews de novo the district court's decision to grant or deny a petition for habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 964–65 (9th Cir. 2004). Habeas review of a state court judgment is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Habeas relief sought pursuant to § 2254(d) cannot be granted unless the defendant shows that the last reasoned decision of the state courts "was contrary to" federal law then clearly established in the holdings of the Supreme Court, or that the decision "involved an unreasonable application of" such law, or that it "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d); other citation omitted); *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012).

1.      Jarrett first contends that the state trial court denied him the right to self-representation. We review the decision of the state post-conviction relief ("PCR") court as it is the last reasoned decision of the state courts. The state PCR court concluded that Jarrett abandoned his request to represent himself and, thus, that his right to self-representation was not violated. Jarrett asserts that he is

2

entitled to habeas relief because that decision is based on an unreasonable determination of the facts and is an unreasonable application of clearly established federal law. We disagree.

Denial of a defendant's timely and unequivocal motion to represent himself violates the Sixth Amendment. *Faretta v. California*, 422 U.S. 806, 818–19, 835–36 (1975); *Tamplin v. Muniz*, 894 F.3d 1076, 1085 (9th Cir. 2018) (stating that "a denial of self-representation in the face of" an "unequivocal and timely request" is a violation of the Sixth Amendment and the violation "is complete at the time of the court's denial" (citing *Faretta*, 422 U.S. at 835–36)); *cf. United States v. Hernandez*, 203 F.3d 614, 623 (9th Cir. 2000) ("It may also be true that a district court may under some circumstances properly reserve ruling until a later date."), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008). But a defendant who asserts his right to self-representation can later waive the right through his subsequent conduct. *See McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984).

We first address Jarrett's contention that the state PCR court's decision relies on an unreasonable determination of the facts. The state PCR court concluded that Jarrett "abandoned his motion for waiver of counsel and self-representation" and that the trial court "made it clear that the plan was to see if new counsel would satisfy his concerns and, if not, clearly advised [Jarrett] that his

3

motion could be renewed." And while the trial court expressed some skepticism about Jarrett's ability to represent himself, it also specifically deferred ruling on Jarrett's motion to waive counsel and indicated it wanted him "to have the full opportunity to have an attorney represent [him]" but that, "[i]f at some point after that [he]'d still like to renew [the] motion to go pro per," he could do so. Jarrett did not again seek to represent himself until sentencing. Based on these facts, it was not unreasonable for the state PCR court to find that, although the trial court deferred ruling on Jarrett's self-representation request, his subsequent conduct indicated that he was satisfied with his new counsel and had abandoned his request to represent himself. Accordingly, Jarrett has not shown he is entitled to habeas relief pursuant to § 2254(d)(2).

Jarrett also failed to establish entitlement to habeas relief under § 2254(d)(1). Although Jarrett asserts that the state PCR court's decision was contrary to clearly established law, he does not argue that the state PCR court identified the wrong legal standard or rule for analyzing his self-representation claim. *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Nor does he cite to a Supreme Court decision that is factually indistinguishable from his case that came to a different result. *See id.* at 73–74. Indeed, Jarrett cites no Supreme Court case that has specifically addressed whether a court's deferred ruling on a defendant's motion to represent himself constitutes a denial of the motion or whether a

4

defendant who has failed to renew his request in response to a deferred ruling can be deemed to have abandoned it. Thus, Jarrett has not established that the state PCR court's decision is contrary to clearly established federal law.

Because Jarrett does not argue that the state PCR court failed to "identif[y] the correct governing legal principle," the question here is whether the state PCR court "unreasonably applie[d] that principle to the facts of [Jarrett's] case." *Id.* at 75 (citation omitted). If "fairminded jurists could disagree" as to "the correctness of the state court's decision," then the state court's decision is not an unreasonable application of clearly established federal law and habeas relief is unavailable. *Harrington*, 562 U.S. at 101 (citation omitted).

A defendant may waive the right to self-representation after it has been timely and unequivocally invoked. *See McKaskle*, 465 U.S. at 182. Here, the state PCR court determined that the state trial court deferred ruling on Jarrett's self-representation request and that Jarrett later abandoned his request—findings that were not unreasonable based on the record. Given these findings, fairminded jurists could disagree on whether Jarrett waived his right to self-representation by failing to renew his request until sentencing after the state trial court deferred ruling on his initial request. *See id.*; *Tamplin*, 894 F3d at 1085. Thus, the state PCR court's conclusion that Jarrett's right to self-representation was not violated

because he waived his right to self-representation was not an unreasonable application of clearly established federal law.

Jarrett has not established entitlement to habeas relief based on his self-representation claim. Accordingly, the district court did not err.

2. Jarrett also asks the court to expand his certificate of appealability to include claims that his constitutional right to effective assistance of counsel was violated because of the allegedly deficient performance of his trial counsel. *See* 9th Cir. R. 22-1(e) (stating that the inclusion of uncertified issues in a habeas petitioner's briefing will be treated "as a motion to expand" the certificate of appealability); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (recognizing right to effective assistance of counsel). We deny that request because Jarrett did not make a substantial showing that he suffered prejudice as a result of any deficient performance due to the overwhelming evidence of his guilt. 28 U.S.C. § 2253(c)(2); *see Harrington*, 562 U.S. at 113. Moreover, as to Jarrett's claim that trial counsel was deficient for failing to challenge the preclusion of evidence of the victim's prior bad acts, the state PCR court determined that Jarrett's claimed knowledge of relevant prior bad acts was raised for the first time during post-conviction relief proceedings and was "directly opposed" to his testimony at trial and, thus, that Jarrett was not credible. Jarrett has not overcome the deference we must accord a state court's credibility determination. *See Sexton*

6

*v. Cozner*, 679 F.3d 1150, 1156–57 & n.1 (9th Cir. 2012); *Lambert*, 393 F.3d at 976–78. We deny Jarrett's request to expand the certificate of appealability to include his two claims of ineffective assistance of counsel because he has not made a substantial showing of a violation of his constitutional right to effective assistance of counsel.

**AFFIRMED.**